Nicholson, C. J.,
delivered the opinion of the Court.
On the 24th of June, 1868, Gillam obtained writs of certiorari and supersedeas, for the purpose of superseding a judgment, rendered by a Justice of the Peace, on the 24th of February, 1866. On motion, the petition for certiorari was dismissed, from which judgment Gillam appealed in error to this Court.
The petitioner obtained the fiat for writs of certiorari •and supersedeas upon two grounds; 1st, That he. was sum *320 moned for trial before one Justice on tbe 24th day of February, 1866, and that when the day of trial came, he learned that the warrant was not returned before the Justice before whom he was summoned. There the matter rested until June, 1866, when he found that the warrant had been returned before another Justice, and judgment rendered on the 24th of February, 1866.
The issuance of the execution on this judgment in June, 1868, “was the first reliable knowledge” he had of the judgment. His application for certiorari was made immediately after obtaining this reliable knowledge.†
The other ground relied on in the petition is, that petitioner was security to a note given by his principal to Looney, for a horse to be used in the rebel service, and that Looney knew the pui’pose for which the horse was purchased. This is all alleged by way of showing that he had merits in his application.
The certiorari was properly dismissed. The language of the petitioner is equivocal as to the time when he obtained knowledge of the existence of the judgment. *321 Two years bad elapsed, and tbe plaintiff fails to allege directly and positively, that he failed to apply for cer-tiorari, for want of notice of the judgment.
Nor are' we satisfied that he states a meritorious defense.†
The judgment is affirmed.

 See Smith v. Brown, Nashv., 4th January, 1871, in which this case is cited. In that case, the petition for certiorari stated, that petitioner “ has no recollection of ever having- been notified of the trial or judgment, although the warrant appears to have been returned executed;” that he “ was taken completely by surprise, when the execution issuedand that “he would have seen to his interest long since, but for his want of knowledge of the existence of said liability,” and praying relief, “as he never was cited to trial, as he now best recollects,” the application being made more than five years after judgment; and it being admitted in the Court below that the return of service was -made, and was true; this was held to be no sufficient cause for not appealing. See also McDowell v. Kellar, post —.

 See Naff v. Crawford, ante 119; Tedder v. Odum, Nashv., 1870.